UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Tinsley, #325565,<br><br>       Petitioner,<br><br>v.<br><br>Warden of Perry Correctional Institution,<br><br>       Respondent.<br>_____ | C/A No. 6:11-2777-RBH-KFM<br><br>**REPORT AND RECOMMENDATION** |

## Background

This *pro se* Petitioner brings a habeas corpus action pursuant to 28 U.S.C. § 2254 possibly seeking to vacate his conviction or sentence entered on December 5, 2007, in the Greenville County Court of General Sessions. Petitioner alleges that he pled guilty to "charges" and received a ten (10) year sentence. Pet. 2, ECF No. 1. This Court takes judicial notice that Petitioner pled guilty to criminal sexual conduct, third degree, on December 6, 2007, in *South Carolina v. Tinsley*, 2006GS2310045. *See* Thirteenth Judicial Circuit Public Index Search, http://www.greenvillecounty.org/scjd/publicindex/ (click "Greenville," and "accept," then enter Petitioner's name and "Search Public Index," click "I470923," and "Charges") (last visited Dec. 2, 2011).[1] Petitioner alleges that he did not file an appeal, but that he did file a post-conviction relief ("PCR") action in state court. Pet. 3-4. He alleges that his PCR action was denied. *Id.* at 2-15. Petitioner further alleges that he exhausted state remedies and his petition for writ of certiorari was denied. *Id.*

---

[1] The Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *Williams v. Long*, 585 F. Supp. 2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

However, Petitioner also alleges that something is "pending" in state court related to his criminal case. *Id.* In an attempt to clarify the status of the state PCR action, this Court propounded special interrogatories to Plaintiff, which he answered and filed with the Clerk of Court. Pet'r's Answers to Court's Special Interrog. 1-2, ECF No. 10. Therein, Petitioner alleges that his PCR action has been decided and denied by an appellate court. *Id.* Additionally, although Petitioner indicated in the Petition that he has a pending action in the "4th Circuit Court," in his answers to the special interrogatories, he denied that anything is pending in that court. *Id.*

In this action, Petitioner asks for no relief because he left blank that portion of the Petition. Pet. 15. Further, Petitioner sets forth no grounds upon which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States. Instead, he states, "Amend Application, Add Briefs later." *Id.* at 6-15.

## **Discussion**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See*

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).  However, even under this less stringent standard, the Petition in this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

This action should be dismissed because Petitioner has asked for no relief, and, thus, he failed to state a claim on which relief may be granted.[2]  Even applying liberal pleading standards as required by the Supreme Court in *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007), and Rule 8 of the Federal Rules of Civil Procedure, there is no demand for relief in the Petition.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  *Cf. Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).  When a litigant has failed to ask for relief, a federal district court is faced with the prospect of rendering an advisory opinion or opining on an issue not before the court.  *See Richmond Med. Ctr. For Women v. Herring*, 570 F.3d 165 (4th Cir. 2009).  Federal courts are prohibited by Article III of the Constitution from issuing

---

[2] Although Petitioner seems to allege that he has exhausted his state remedies, the Greenville County online records reveal that an appeal was filed on Petitioner's behalf in his PCR action on July 17, 2009, and no disposition of the appeal is indicated.  *See* Thirteenth Judicial Circuit Public Index Search, http://www.greenvillecounty.org/scjd/publicindex/ (click "Greenville," and "accept," then enter Petitioner's name and "Search Public Index," click "2008CP2305074," and "Actions") (last visited Dec. 6, 2011).  A writ of habeas corpus under 28 U.S.C. § 2254 can be sought only after Petitioner has exhausted his state court remedies.  *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'").

3

advisory opinions. *Id.* at 172; *United States v. McClure*, 241 F. App'x 105, 107-08 (4th Cir. July 10, 2007); *Wilson v. Strait*, C/A No. 2:09-2889-RBH, 2009 WL 4890928, at *3 (D.S.C. Dec. 17, 2009) (explaining that when a litigant fails to ask for relief the court is faced with rendering an advisory opinion, which it may not do).

## **Recommendation**

Based upon the foregoing, it is recommended that the District Court dismiss the Petition in the above-captioned case *without prejudice*. Petitioner's attention is directed to the important notice on the next page.

December 7, 2011                                           s/ Kevin F. McDonald
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).